as such, and with such object, he can not recover a judgment upon it here in his own name. Such was the decision of Mr. Justice Story in Thatcher v. Winslow [Case No. 13,-863], and who cited 10 Johns. 387, and 5 Mass. 491.

The point made in Thatcher v. Winslow [supra] was, that the plaintiff was not the owner of the notes, upon which the action was brought, but that they belonged to the Merchants' Bank at Newport, by which they had been originally discounted, and that they had been delivered to the plaintiff for the purpose of enabling suit to be brought upon them in the circuit court of the United States. The evidence here was much stronger against the plaintiff's recovery, for this note was never actually delivered to him, nor was he privy to the deed of assignment at the time of its execution, his name being used without his assent at the time, and the assignment was made to him as a citizen of a foreign jurisdiction, having an interest in the bank, for the sole purpose of enabling the bank to bring suit in this court. Apart from his interest in the bank as a stockholder, the plaintiff had no substantial interest in the note. The jury found the facts that the plaintiff was to account to the bank for the note as agent, and to restore it, if not collected, and that the note still remained the property of the bank, and that the action was prosecuted for the benefit of the bank. Such being the case, he could not maintain an action as the indorsee of the note against the defendant in this court. But, the plaintiff's title to the note, if any he had, was not derived from the contract of indorsement. He did not receive it as negotiable paper, in the course of trade. The note was past due at the time of the transfer, many years previous to the assignment, the note had matured, and had been protested for non-payment. His title, therefore, was conferred by the deed of assignment, which circumstance alone, was sufficient to defeat his action in this court. Motion for a new trial refused.

---

WELLFORD (CHESTER v.). See Case No. 2,662.

---

## Case No. 17,379.

WELLFORD et al. v. EAKIN.

[1 Cranch, C. C. 264.] [1]

Circuit Court, District of Columbia. Nov. Term, 1805.

ACTION ON NOTE—SUBSCRIBING WITNESS—PROOF OF HANDWRITING.

If the subscribing witness to a note be not within reach of the process of the court, it is not necessary to produce him or to prove his handwriting; but the defendant's handwriting may be proved.

Debt on note. Mr. Vasse was a subscribing witness. The plaintiff gave evidence that

[1] [Reported by Hon. William Cranch, Chief Judge.]

Vasse had been summoned at the last term from Staunton, in Virginia, but had heard he had gone to Tennessee. The witness never resided within the reach of the process of this court. See Smith v. Carolin [Case No. 13,-020]; Jones v. Lovell [Id. 7,478]; Waterston v. Cook, not reported; Macubbin v. Lovell [Case No. 8,928].

THE COURT said that where the subscribing witness resides out of the reach of the process of this court, it is not necessary to produce him nor to prove his handwriting; but the plaintiff may produce evidence of the writing of the defendant.

---

## Case No. 17,380.

WELLFORD v. MILLER.

[1 Cranch, C. C. 485.] [1]

Circuit Court, District of Columbia. July Term, 1808.

DEPOSITIONS — WITNESS RESIDING WITHIN 100 MILES.

This court will not grant a commission in a civil action at common law, to take the deposition of a witness residing in Virginia within one hundred miles of the place of trial, because he may be summoned to attend personally.

[Cited in Voss v. Luke, Case No. 17,014.]

Upon affidavit that witnesses resided in Fredericksburg (less than one hundred miles from Alexandria)—

Mr. Youngs, and Mr. Jones, for the plaintiff, moved for a commission to Virginia, to take the depositions of those witnesses to be used as well in a suit in chancery, as at common law depending in this court. The chancery suit was at issue and a general dedimus had been awarded.

THE COURT (DUCKETT, Circuit Judge, absent) suffered the commission to issue in the chancery suit, considering it as in aid of the general commission heretofore awarded. But refused it in the common-law case, because the witnesses (residing within one hundred miles) might be summoned to attend this court personally.

The law of Virginia of 29th Nov. 1792, § 13, p. 279, was cited by Mr. Youngs, which allows a commission to issue when the witness resides beyond sea, or in a foreign country, or in any other of the United States.

---

## Case No. 17,381.

WELLFORD v. MILLER.

[1 Cranch, C. C. 514.] [1]

Circuit Court, District of Columbia. Nov. Term, 1808.

BONDS—PROFERT AND OYER.

A copy will not be received as oyer, when a profert has been made of the original. And if a copy is offered, the defendant may demur.

[1] [Reported by Hon. William Cranch, Chief Judge.]